### In re AIR DISASTER NEAR BRUNSWICK, GEORGIA, ON APRIL 5, 1991.

### MDL No. 930.

Judicial Panel on Multidistrict Litigation.

July 28, 1992.

Before JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, Judges of the Panel.

### TRANSFER ORDER

This litigation presently consists of three actions pending in the following federal districts: two actions in the Northern District of Georgia and one action in the Southern District of Georgia.[1] Before the

---

* Judge Pollack took no part in the decision of this matter.

1. The Panel has been advised that seven additional related actions are pending in the South-

ern District of Georgia. These actions, and any other actions that come to the Panel's attention, will be treated as potential tag-along actions.

Panel is a motion by defendants Embraer–Empresa Brasileira de Aeronautica S.A. and Embraer Aircraft Corporation to centralize the actions, pursuant to 28 U.S.C. § 1407, in the Northern District of Georgia for coordinated or consolidated pretrial proceedings. No responding party opposes centralization; the only dispute concerns selection of the transferee court. Besides movants, the following parties favor the Northern District of Georgia: 1) defendants Atlantic Southeast Airlines, Inc. (ASA), Pratt & Whitney Canada Inc. and United Technologies Corporation; and 2) plaintiffs in the two Northern District of Georgia actions. The following parties favor the Southern District of Georgia: 1) plaintiffs in the Southern District of Georgia action included on the 1407 motion; 2) plaintiffs in the seven potential tag-along actions pending in the Southern District of Georgia; and 3) four counsel who intend to commence five additional potential tag-along actions in the Southern District of Georgia.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the Northern District of Georgia will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share questions of fact concerning liability for the crash of ASA Flight 2311 from Atlanta while on final approach to Glynco Jetport in Brunswick, Georgia. Centralization under Section 1407 is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Either of the two suggested transferee districts could be considered an appropriate transferee forum for this litigation. While we recognize that the crash occurred in the Southern District of Georgia and the majority of actions is pending there, we are nevertheless persuaded that the Northern District of Georgia is the preferable forum. We note that: 1) ASA has its principal place of business and its operations base in the Atlanta area within the Northern District of Georgia; 2) the ill-fated flight originated in Atlanta; and 3) Atlanta is a far more accessible forum than Brunswick for the convenience of the parties in this geographically widespread litigation, as evidenced by the preference for the Northern District of Georgia expressed by defendants located in Brazil, Canada, Florida and Connecticut.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending in the Southern District of Georgia be, and the same hereby is, transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable William C. O'Kelley for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–930—In re Air Disaster Near Brunswick, Georgia on April 5, 1991*

*Southern District of Georgia*

*Jann J. Hart, et al. v. Atlantic Southeast Airlines, Inc., et al.,* C.A. No. CV–2–92–34

*Northern District of Georgia*

*Caroline Friedline v. Embraer–Empresa Brasileira De Aeronautics, S.A., et al.,* C.A. No. 1:91–CV–2334–JOF

*Atlantic Southeast Airlines, Inc., et al. v. United Technologies Corp., et al.,* C.A. No. 1:92–CV–500–JOF

*See* Rules 12 and 13, R.P.J.P.M.L., 120 F.R.D. 251, 258–59 (1988).